# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| MARIA G. DEL REAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:12-CV-474 |
| | ) | |
| LACOSTA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Counts IV and V, filed on August 27, 2013. For the reasons set forth below, this motion is **GRANTED**. Accordingly, Counts IV and V of the complaint are dismissed.

BACKGROUND

Plaintiff, Maria G. Del Real, brought suit against her former employer, Defendant, LaCosta, Inc., alleging that she was sexually harassed, discriminated against based on her sex, retaliated against for asserting her rights, was not paid for all of the work she performed, and was assaulted and battered, while employed at LaCosta. Pertinent to the instant motion are Count IV, which alleges LaCosta did not pay Del Real for all the work she performed, and Count V, which alleges that Del Real's supervisor assaulted and battered her. During the briefing, Del Real has

voluntarily withdrawn Count IV of her complaint, leaving only the viability of Count V at issue. (DE# 12). LaCosta seeks dismissal of Count V for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Thus, the remaining question is, "has Plaintiff alleged an assault and battery claim against LaCosta upon which relief can be granted?"

Facts

According to the complaint:

> On Thursday, September 15, 2011, between 10:30 and 11:00 a.m. Plaintiff was cleaning an office when Supervisor John came in that office and closed the blinds. Then Supervisor John went behind Plaintiff and started touching and massaging Plaintiff – he was physically touching, battering and attacking Plaintiff. Supervisor John told Plaintiff to "Just relax." Plaintiff told Supervisor John to stop but he would not. Plaintiff was very afraid because there was no one else around and Supervisor John had closed the blinds so no one could witness his attack. Plaintiff kept telling Supervisor John to "Stop!", but Supervisor John just kept telling Plaintiff, "Come on. Relax . . . relax."

(Cmpt. ¶ 18).

> Despite Plaintiff telling Supervisor John to stop, he continued to grab, touch and rub Plaintiff's body. Finally, Plaintiff broke loose and escaped. She immediately walked out of the office. Since Plaintiff was aware of Supervisor John's similar physical attack and sexual harassment of [another female employee] several weeks before, Plaintiff was extremely frightened. . . ..

(Cmplt. ¶ 19).

DISCUSSION

In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff has an obligation under Rule 8(a)(2) to provide grounds of his entitlement to relief, which requires more than labels and conclusions. *Id.* at 1965. Factual allegations, taken as true, must be enough to raise a right to relief above the speculative level. *Id.* Moreover, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. Jefferson v. Ambroz, 90 F.3d 1291, 1296-97 (7th Cir. 1996).

The Complaint Adequately Pleads the Elements of Assault and Battery

The Indiana Supreme Court, citing the Restatement (Second) of Torts has stated, "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the other person . . ., or an imminent

-3-

apprehension of such contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Mullins v. Parkview Hosp., Inc.*, 865 N.E.2d 608, 610 (Ind. 2007). Moreover, "[a] touching, however slight, may constitute an assault and battery." *Knight v. Ind. Ins. Co.*, 871 N.E.2d 357, 362 (Ind. Ct. App. 2007).

Defendant argues that Plaintiff has not alleged that Supervisor John (Hardesty) caused any harmful or offensive contact. This Court disagrees. A fair reading of the complaint shows Plaintiff alleged that Supervisor John came into the office, closed the blinds and began to touch Plaintiff. Plaintiff told Supervisor John to stop, but that he nevertheless continued to grab, touch and rub her body. This is clearly offensive contact that Supervisor John intended to make. Thus, this Court finds that the allegations are sufficient to establish the elements of battery.

## There is no Respondeat Superior Liability

Plaintiff asserts that LaCosta is vicariously liable on the theory of respondeat superior for Supervisor John's alleged assault and battery. Defendant argues that, even if Plaintiff adequately alleged that Supervisor John assaulted and battered her, LaCosta is not liable under respondeat superior. The parties agree that, in Indiana, "[t]he general rule is that vicarious liability will be imposed upon an employer under the doctrine of respondeat superior

where the employee has inflicted harm while acting 'within the scope of employment.'" *Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008)(citations omitted). "[I]n order for an employee's act to fall 'within the scope of employment,' the injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business." *Id.* (citations and quotations omitted).

Indiana has embraced the Restatement of Agency, which advises that "[a]n employee is subject to vicarious liability for a tort committed by its employees acting within the scope of employment. *Id.* at 284(citing Restatement (Third) of Agency, § 7.07(1) (2006)). The Restatement teaches that "[a]n employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs with an independent course of conduct not intended by the employee to serve any purpose of the employer." Restatement (Third) of Agency, § 7.07(2) (2006).

Indiana courts have found that assault are generally outside the scope of employment. *Barnett*, 889 N.E.2d at 223. It is not enough that an assault take place at work or take place between co-workers to invoke vicarious liability on an employer. Instead, they impose respondeat superior liability based on physical battery by an employee only when the battery is deemed sufficiently related

to the employee's authorized duties. For example, an employer was found vicariously liable for sexual assault when an employee's duties included bathing, undressing and, in the course of bathing the patient, touching the genitals of a disabled individual. *Stropes v. Heritage House Children's Center*, 547 N.E.2d 244 (Ind. 1989). In another case, the employee was authorized to help fit boys for their Little League uniforms, which involved being present when the boys undressed, measuring the boys, and helping them get dressed in the appropriate uniform. A court found sexual assault was incidental or sufficiently related to that authorized physical conduct. *Southport Little League v. Vaughan*, 734 N.E.2d 261 (Ind. Ct. App. 2000).

Here, based on the allegations of the complaint, Supervisor John's assault of plaintiff is not sufficiently associated with his employment duties so as to fall within the scope of employment by LaCosta. In fact, consistent with the allegations of the complaint, Supervisor John's assault was not related to his duties. Indeed, LaCosta performs cleaning and janitorial work. There are no allegations that Supervisor John was authorized to physically touch any employee at LaCosta or that he touched Plaintiff within the scope of his employment. Nor is there any allegation that touching employees would further LaCosta's interests in any way. Plaintiff attempts to establish the association between Supervisor John's authorized duties and alleged assault by simply asserting -

without any argument or citations to case law- "the supervisor and the plaintiff employee were on the job at their regular places, and the degree of physical contact would depend upon any assignment and whether assistance would be necessary." (DE# 13, p. 6). However, there are no inferences consistent with the complaint that Supervisor John's assault of Plaintiff was similar to his duties as Supervisor or that he was engaging in authorized acts or serving his employer's interests when the alleged assault occurred. To arrive at such a conclusion would require speculation. As such, there can be no vicarious liability based upon these allegations.

CONCLUSION

    For the reasons set forth above, this motion is **GRANTED**. Accordingly, Counts IV and V of the complaint are dismissed.

**DATED: February 14, 2014**    /s/RUDY LOZANO, Judge
    **United States District Court**