UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARIA G. DEL REAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:12-cv-474 |
| | ) |
| LACOSTA, INC., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Limit Plaintiff's Requested Discovery [DE 28] filed by the defendant, LaCosta, Inc., on September 5, 2014. For the following reasons, the motion is **GRANTED IN PART and DENIED IN PART**.

*Background*

On March 22, 2012, the plaintiff, Maria G. Del Real, filed a claim with the United States Equal Opportunity Commission. Del Real's EEOC Complaint included claims of discrimination based on sex, national origin, and retaliation by her employer, LaCosta, Inc. (*See* DE. 1, ¶5 and Ex. A).

On November 15, 2012, Del Real filed a complaint in this court alleging: Count I – Sexual Discrimination, Count II – Sexual Harassment and Hostile Work Environment, Count III – Retaliation, Count IV – Failure to Pay, and Count V – Assault and Battery. However, none of the claims related to national origin or immigration status. On February 14, 2014, District Judge Rudy Lozano dismissed Counts IV and V. Subsequently, on July, 31, 2014, Del Real filed an Identification of Corporate Representatives to be Deposed. Del Real requested corporate

representatives that can testify about a number of topics, including representatives' knowledge of the hiring and retention of non-US citizens in the past 6 years, any training methods for responding to complaints from employees for the misconduct of supervisors, and any complaints made against LaCosta in the past 6 years, among other topics. LaCosta opposes the deposition, arguing that much of the information sought is irrelevant to the present suit and meant to embarrass, harass, and annoy LaCosta. Furthermore, it is LaCosta's position that this information pertains to claims that never were brought to this case, as well as claims already dismissed by this court. LaCosta now moves for a protective order to limit the scope of Del Real's requested discovery.

*Discussion*

A party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." **Federal Rule of Civil Procedure 26(c)(1)**. The party requesting the protective order carries the burden of demonstrating good cause; the moving party can satisfy that burden by showing some plainly adequate reason for the order. 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (3d ed.1998); *see* ***Gregg v. Local 305 Ibew***, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) ("The burden rests upon the objecting party to show why a particular discovery request is improper." (citing ***Kodish v. Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co.***, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)). Specific factual demonstrations are required to establish that a particular discovery request is improper and that good cause exists for issuing the order. *See* ***Felling v. Knight***, 211 F.R.D. 552, 554 (S.D. Ind 2003) ("To establish

good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'") (quoting *Wilson v. Olathe Bank*, 184 F.R.D. 395, 397 (D. Kan. 1999) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981))); s*ee also Harrisonville Telephone Co. v. Ill. Commerce Comm'n*, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006) (stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements).

LaCosta argues that their corporate representatives should not be subjected to a deposition because the deposition topics include claims not raised by Del Real or claims previously dismissed by this court. It additionally argues that subjecting the representatives to questions that are irrelevant to Del Real's current claims would serve no purpose other than to harass. If Del Real needs additional information, it can be obtained through less burdensome methods of discovery, including interrogatories.

In support of their argument, LaCosta cited *Langenbach v. Wal-Mart Stores, Inc.*, 2013 WL 4431963 (E.D. Wis. Aug. 14, 2013). In *Langenbach*, the District Court limited the plaintiff's discovery to information related to the specific type of discrimination alleged. 2013 WL 4431963 at *3. Furthermore, LaCosta relied on *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 352 (1978). In *Oppenheimer*, the Court found that "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period…." 437 U.S. at 352. LaCosta has stated adequate reasoning why Del Real's discovery request should be limited in scope.

In response, Del Real refuted the relevancy of her identification of corporate representatives' deposition request. Del Real claims that the six topics, to which LaCosta objects, are relevant to all claims, including discrimination based on national origin and alienage,

3

alleged throughout her complaint.  Del Real argues that all six topics, which include determining defendant's hiring practices of non-US citizens, determining information about complaints or reports against any of defendant's supervisors or management alleging wrongdoing, determining training methods and safeguards implemented to try to reduce or avoid misconduct by supervisors to employees, determining training methods and practices for responding to complaints of misconduct by supervisors, determining whether a method for purging records exists, determining the character and fitness of Jim Kelly, John Hardesty, and Deborah Bosman, and lastly determining information about complaints, reports, or charges against LaCosta in relation to the hiring of undocumented aliens, are designed to obtain information that can help support the types of discrimination alleged.  LaCosta objected to each of these reasons as irrelevant and outside the scope of the continuing claims.

LaCosta first argues that discovery must be limited to prohibit Del Real from making inquiries, whether directly or indirectly, related to LaCosta's hiring practices regarding national origin.  Upon review, Del Real's complaint filed in this court did not include a national origin discrimination claim, unlike her EEOC action, and therefore, she waived the opportunity to seek information on this claim.  However, Del Real maintains that claims of national origin discrimination have been a part of this case from the inception.  Del Real asserts that all six deposition topics are relevant or at least reasonably calculated to lead to discovery of admissible evidence.  Without a national origin claim in the complaint, this discovery request is not relevant.  Therefore, the court **LIMITS** discovery and **PROHIBITS** Del Real from making any inquiries regarding national origin.

Second, LaCosta argues that discovery must be limited to existing claims.  Del Real's requested discovery regarding her assault and battery claim is irrelevant as this claim has been

4

dismissed. LaCosta maintains that because the assault and battery claim was dismissed on February 14, 2014, any discovery related to battery is irrelevant to the remaining claims. Upon review of Identifications 4.C. and 4.G., Del Real's requested discovery, not only relates to battery, but also sexual harassment, hostile workplace, and intimidation, all of which are highly relevant to her remaining claims. LaCosta has provided no explanation to show why these topics are unacceptable or irrelevant. Therefore, the court **LIMITS discovery in part** and **PROHIBITS** Del Real from making any inquiries regarding battery and assault, but allowing inquiries regarding other claims.

Additionally, LaCosta argues that Del Real's requested discovery regarding illegal aliens is irrelevant. Inquiry into illegal alien hiring practices is irrelevant as it pertains to seeking information about national origin and as it pertains to the remaining sexual discrimination claims. Furthermore, Del Real failed to raise this claim in her original complaint with the EEOC and cannot now raise this claim in her subsequent suit. Accordingly, because Del Real has not satisfied the administrative remedy exhaustion requirement, discovery related to illegal aliens is irrelevant. Therefore, the court **LIMITS** discovery and **PROHIBITS** Del Real from making any inquiries regarding illegal aliens.

LaCosta also argues that discovery should be limited in scope to the dates of plaintiff's employment with LaCosta. In requests 4.A., 4.C., 4.G., 4.H., and 4.K., Del Real seeks information related to the previous six years. LaCosta cites **42 U.S.C. § 2000e-5(e)(1)**, which states that a claim under Title VII must be brought within 180 days or within 300 days if cross-filed with a state agency that has authority to grant or seek relief for employment claims brought under state law. Specifically, LaCosta maintains that discovery should be limited to the period between June 4, 2011 and March 30, 2012, the 300 days before the filing of the EEOC

5

complaint.  In *Oppenheimer*, the court held "it is proper to deny discovery of matter…that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case."  437 U.S. at 352.  Del Real failed to address LaCosta's argument to limit the discovery time period and thus, did not demonstrate why the information dating back six years is relevant to the case.  Therefore, the court **LIMITS** the time period of discovery to the period between June 4, 2011 and March 30, 2012.

LaCosta also objects to the character evidence of LaCosta's employees.  In request 4.J., Del Real seeks "one in management above and superior to Jim Kelly, John Hardesty, and Debra Bowsman who can answer questions about the character, background, training . . ." of these individuals.  LaCosta argues that character evidence of the accused is inadmissible under **Federal Rule of Evidence 404(a)**.  However, the scope of discovery does not require that evidence be admissible at trial.  Rather, the parties may obtain discovery relevant to either party's claim or defense.  **Federal Rules of Evidence 26(b)(1)**.  Relevant information does not need to be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence.  **Federal Rules of Evidence 26(b)(1)**.  LaCosta has cited authority that found character evidence inadmissible at trial, but it did not cite authority to support why the character evidence should not be discoverable.  The court finds that character evidence regarding Del Real's supervisors is relevant to Del Real's remaining claims and is reasonably calculated to lead to admissible evidence.  Therefore, the court **DENIES** LaCosta's request to limit discovery regarding character evidence of LaCosta's employees.

Based on the foregoing reasons, the Motion to Limit Plaintiff's Requested Discovery [DE 28] is **GRANTED IN PART and DENIED IN PART**.

ENTERED this 3rd day of December, 2014.

/s/ Andrew P. Rodovich  
United States Magistrate Judge